UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAUDIA TERRANOVA and THOMAS
TERRANOVA,

                    Plaintiffs,

vs.

TOYOTA OF NEWBURGH and
TOYOTA MOTOR SALES, U.S.A.,
INC.,

                    Defendants

**NOTICE OF REMOVAL**

Civil Action No: **08 CV 01217**

TO:    The Honorable Judges of the United States District Court for the
Southern District of New York:

Removing Party, TOYOTA MOTOR SALES, U.S.A., INC. (hereinafter "TMS")
by its undersigned attorneys, respectfully shows this Court:

    1.    The removing party is a defendant in the above-entitled action.

    2.    On December 20, 2007, the above-entitled action was commenced against
the Removing Party in Orange County Supreme Court, Index Number 2007-12229, by
filing a Summons and Verified Complaint, and is now pending therein.

    3.    Upon information and belief, TMS was served with the plaintiffs'
Summons and Verified Complaint on July 7, 2008 by service upon the New York
Secretary of State.

    4.    Upon information and belief co-defendant Toyota of Newburgh has not
been served because no Certificate of Service is on file memorializing service on Toyota
of Newburgh and because Toyota of Newburgh no longer operates a dealership at the
address listed on the Summons.

5.      No further proceedings have occurred in Orange County Supreme Court.

6.      Upon information and belief, the amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds Seventy-Five Thousand ($75,000.00) Dollars, as more fully appears in plaintiffs' Summons and Verified Complaint and given the nature of the underlying products liability action.

7.      The above-entitled action is a civil action for personal injuries alleging breach of express warranty, breach of implied warranty, product liability, and negligence.

8.      Plaintiffs Claudia Terranova and Thomas Terranova are citizens and residents of Summerville, South Carolina according to plaintiffs' Summons and Verified Complaint.

9.      Defendant TMS is a foreign corporation with a principal place of business outside of New York State.

10.     Upon information and belief defendant Toyota of Newburgh is only a nominal and fraudulently joined defendant, if at all, that has not been served and is not a real party in interest in this matter.

11.     Upon information and belief Toyota of Newburgh no longer operates a dealership at the address in the Summons and Verified Complaint in New Windsor, New York or in New York State.

12.     The above-entitled action involves citizens of different states, in that at the time of commencement of this action in New York, and since that time, plaintiffs were and still are citizens and residents of the State of North Carolina; and defendant TMS and Toyota of Newburgh are not residents of the State of South Carolina.

2

13.    This Court therefore has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332 based upon diversity and is removable pursuant to 28 U.S.C. §1441(a).

14.    This Notice is filed with the Court within 30 days after service on removing party of the Summons and Verified Complaint in the above-entitled action.

DATED:    Buffalo, New York
         February 4, 2008

                                   _____
                                   Robert G. Scumaci, Esq. (RS5343)
                                   **GIBSON, McASKILL & CROSBY**
                                   Attorneys for Toyota Defendants
                                   69 Delaware Avenue, Suite 900
                                   Buffalo, New York 14202
                                   (716) 856-4200

TO:    Mitchel H. Ashley, Esq.
       SHANDELL, BLITZ, BLITZ,
       & ASHLEY, LLP
       Attorneys for Plaintiffs
       150 Broadway
       New York, New York  10038

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

CLAUDIA TERRANOVA and THOMAS
TERRANOVA,

                               Plaintiffs,               **AFFIDAVIT OF SERVICE**

vs.                                             Civil Action No:

TOYOTA OF NEWBURGH and
TOYOTA MOTOR SALES, U.S.A.,
INC.,

                               Defendants

_____

STATE OF NEW YORK      )
COUNTY OF ERIE          ) SS:
CITY OF BUFFALO              )

        LYNN M. MARKOWSKI, being duly sworn, deposes and says that deponent is not a party to this action and is over 18 years of age; that on the 4th day of February, 2008, deponent served the attached NOTICE OF REMOVAL upon:

       Mitchel H. Ashley, Esq.
       SHANDELL, BLITZ, BLIT,
       & ASHLEY, LLP
       Attorneys for Plaintiffs
       150 Broadway
       New York, New York  10038

at the above address by depositing true copies of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                                  LYNN M. MARKOWSKI

Sworn to before me this
4th day of February, 2008.

Notary Public

                   TAMMY JO DUKARM
               Notary Public, State of New York
                     No. 01DU5050828
                  Qualified in Erie County
           Commission Expires October 23, 2009

MHA
12/26/07

2007- 12229

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---

CLAUDIA TERRANOVA and THOMAS
TERRANOVA,

                    Plaintiffs,

          -against-

TOYOTA OF NEWBURGH and TOYOTA MOTOR
SALES,  U.S.A., INC.,

                    Defendants.

---

Index No.
Date Purchased:

Plaintiffs designate Orange as the
place of trial.

The basis of the venue is Defendant,
TOYOTA   OF   NEWBURGH's
principal place of business.

**SUMMONS**

Plaintiffs reside at
102 Long Cove Bend
Pine Forest County Club
Summerville, SC 29483

FILED
ORANGE COUNTY CLERK

To the above named Defendants:

          **YOU ARE HEREBY SUMMONED** to answer the complaint in this action
and to serve a copy of your answer or, if the complaint is not served with the summons, to serve a
notice of appearance, on Plaintiff(s) Attorneys within 20 days after the service of the summons,
exclusive of the day of service (or within 30 days after the service is complete if the summons is not
personally delivered to you within the State of New York); and in case of your failure to appear or
answer, a judgment will be taken against you by default for the relief demanded in this complaint.

Dated:  New York, New York
       December 4, 2007.

SERVICO 35

Mitchel H. Ashley, Esq.
SHANDELL, BLITZ, BLITZ
  & ASHLEY, LLP
Attorneys for Plaintiff
150 Broadway
New York, NY  10038
(212) 513-1300

Defendant(s)' Address:  Toyota of Newburgh
                2934 Rte. 9W
                New Windsor, NY  12553

                Toyota Motor Sales, U.S.A., Inc.
                19001 South Western Avenue
                Torrance, CA  90501

LEGAL SERVICES

JAN 1 4 2008

GROUP RECEIVED

③

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---

CLAUDIA TERRANOVA and THOMAS TERRANOVA,

Plaintiffs,

-against-

TOYOTA OF NEWBURGH and TOYOTA MOTOR SALES,
U.S.A., INC.,

Defendants.

---

Index No.

**_VERIFIED COMPLAINT_**

LEGAL SERVICES

JAN 1 4 2008

GROUP RECEIVED

Plaintiffs, complaining of the defendants, by their attorneys, SHANDELL, BLITZ, BLITZ & ASHLEY, LLP, respectfully state and allege, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION:

FIRST:   That at all times hereinafter mentioned, defendant TOYOTA OF NEWBURGH, was a foreign corporation duly organized and existing under and by virtue of the laws of one or more States of the United States.

SECOND:   That at all times hereinafter mentioned, defendant TOYOTA OF NEWBURGH was a domestic corporation duly authorized to do business in the State of New York.

THIRD:   That at all times hereinafter mentioned, defendant TOYOTA OF NEWBURGH was in the business of designing automobiles and appurtenances thereto.

FOURTH:   That at all times hereinafter mentioned, defendant TOYOTA OF NEWBURGH, was in the business of manufacturing automobiles and appurtenances thereto.

FIFTH:    That at all times hereinafter mentioned, defendant TOYOTA OF NEWBURGH, was in the business of assembling automobiles and appurtenances thereto.

SIXTH:    That at all times hereinafter mentioned, defendant TOYOTA OF NEWBURGH, was in the business of selling automobiles and appurtenances thereto.

SEVENTH:    That at all times hereinafter mentioned, defendant TOYOTA OF NEWBURGH was in the business of distributing automobiles and appurtenances thereto.

EIGHTH: That defendant, TOYOTA OF NEWBURGH expressly or impliedly assumed all the liability and obligations referable to the design, manufacture, advertising, distribution, inspection, assembling, labeling, instructing, engineering and warning on its vehicles.

NINTH:    That at all times hereinafter mentioned, defendant TOYOTA OF NEWBURGH was in the business of designing airbags and appurtenances thereto.

TENTH:    That at all times hereinafter mentioned, defendant TOYOTA OF NEWBURGH, was in the business of manufacturing airbags and appurtenances thereto.

ELEVENTH:    That at all times hereinafter mentioned, defendant TOYOTA OF NEWBURGH, was in the business of assembling airbags and appurtenances thereto.

TWELFTH:    That at all times hereinafter mentioned, defendant TOYOTA OF NEWBURGH, was in the business of selling airbags and appurtenances thereto.

THIRTEENTH:    That at all times hereinafter mentioned, defendant TOYOTA OF NEWBURGH was in the business of distributing airbags and appurtenances thereto.

FOURTEENTH: . That defendant, TOYOTA OF NEWBURGH expressly or impliedly assumed all the liability and obligations referable to the design, manufacture, advertising, distribution, inspection, assembling, labeling, instructing, engineering and warning on its airbags.

2

FIFTEENTH: That at all times hereinafter mentioned, defendant, TOYOTA MOTOR SALES, U.S.A., INC., was a foreign corporation duly organized and existing under and by virtue of the laws of one or more States of the United States.

SIXTEENTH: That at all times hereinafter mentioned, defendant TOYOTA MOTOR SALES, U.S.A., INC., was a domestic corporation duly authorized to do business in the State of New York.

SEVENTEENTH: That at all times hereinafter mentioned, defendant, TOYOTA MOTOR SALES, U.S.A., INC., was in the business of designing automobiles and appurtenances thereto.

EIGHTEENTH: That at all times hereinafter mentioned, defendant, TOYOTA MOTOR SALES, U.S.A., INC., was in the business of manufacturing automobiles and appurtenances thereto.

NINETEENTH: That at all times hereinafter mentioned, defendant, TOYOTA MOTOR SALES, U.S.A., INC., was in the business of assembling automobiles and appurtenances thereto.

TWENTIETH: That at all times hereinafter mentioned, defendant, TOYOTA MOTOR SALES, U.S.A., INC., was in the business of selling automobiles and appurtenances thereto.

TWENTY-FIRST: That at all times hereinafter mentioned, defendant, TOYOTA MOTOR SALES, U.S.A., INC., was in the business of distributing automobiles and appurtenances thereto.

TWENTY-SECOND: That defendant, TOYOTA MOTOR SALES, U.S.A., INC., expressly or impliedly assumed all the liability and obligations referable to the design, manufacture, advertising, distribution, inspection, assembling, labeling, instructing, engineering and warning on its vehicles.

TWENTY-THIRD: That at all times hereinafter mentioned, defendant, TOYOTA MOTOR SALES, U.S.A., INC., was in the business of designing airbags and appurtenances thereto.

TWENTY-FOURTH: That at all times hereinafter mentioned, defendant, TOYOTA MOTOR SALES, U.S.A., INC., was in the business of manufacturing airbags and appurtenances thereto.

TWENTY-FIFTH: That at all times hereinafter mentioned, defendant, TOYOTA MOTOR SALES, U.S.A., INC., was in the business of assembling airbags and appurtenances thereto.

TWENTY-SIXTH: That at all times hereinafter mentioned, defendant TOYOTA MOTOR SALES, U.S.A., INC., was in the business of selling airbags and appurtenances thereto.

TWENTY-SEVENTH: That at all times hereinafter mentioned, defendant, TOYOTA MOTOR SALES, U.S.A., INC., was in the business of distributing airbags and appurtenances thereto.

TWENTY-EIGHTH: That defendant, TOYOTA MOTOR SALES, U.S.A., INC., expressly or impliedly assumed all the liability and obligations referable to the design, manufacture, advertising, distribution, inspection, assembling, labeling, instructing, engineering and warning on its airbags.

4

TWENTY-NINTH: That at all times hereinafter mentioned, the plaintiffs herein were the lessees of a Toyota Camry bearing plate number DSB7240 for the year 2007 and Vehicle Identification Number 4T1BE46K67U540140.

THIRTIETH: That at all times hereinafter mentioned, the plaintiff, CLAUDIA TERRANOVA was the operator of a Toyota Camry bearing plate number DSB7240 for the year 2007 and Vehicle Identification Number 4T1BE46K67U540140.

THIRTY-FIRST: That at all times hereinafter mentioned, defendants designed, manufactured and distributed the vehicle identified above in paragraphs TWENTY-NINTH" and "THIRTIETH".

THIRTY-SECOND: That at all times hereinafter mentioned, defendants designed, manufactured and distributed the airbag contained in the vehicle identified above in paragraphs TWENTY-NINTH" and "THIRTIETH"

THIRTY-THIRD: That at all times hereinafter mentioned, defendants owed certain duties to the plaintiffs with respect to the design, manufacture, engineering, assembling, distribution, advertising, labeling, instructing, warning and offering for sale the subject vehicle which proved to be unsafe, unfit and hazardous for use.

THIRTY-FOURTH: That at all times hereinafter mentioned, defendants owed certain duties to the plaintiffs with respect to the design, manufacture, engineering, assembling, distribution, advertising, labeling, instructing, warning and offering for sale the subject airbag which proved to be unsafe, unfit and hazardous for use.

THIRTY-FIFTH: That on or about the 15th day of December 2006, at approximately 9:00 p.m., while plaintiff, CLAUDIA TERRANOVA, was operating the

5

aforementioned Toyota Camry, on Route 300 at its intersection with Route 17K in the Town of Newburgh, County of Orange, State of New York, said vehicle came in contact with another vehicle causing plaintiff to suffer severe personal injuries and grievous permanent personal injuries.

THIRTY-FIFTH:    That the aforementioned accident occurred without any negligence on the part of the plaintiffs contributing thereto.

THIRTY-SIXTH:    That it was the duty of the defendants to design and market the aforesaid vehicle and sell said vehicle in good safe condition so as not to endanger the life and limbs of any persons, including plaintiff, who was lawfully and properly using same therein and to give due and timely notice or warning of any attendant peril or danger.

THIRTY-SEVENTH:    That it was the duty of the defendants to design and market the aforesaid airbag and sell said airbag in good safe condition so as not to endanger the life and limbs of any persons, including plaintiff, who was lawfully and properly using same therein and to give due and timely notice or warning of any attendant peril or danger.

THIRTY-EIGHTH:    That the said accident and injuries resulting therefrom were due to the recklessness, carelessness and negligence of the defendants their agents, servants and/or employees, in the manufacturing, engineering, assembling, building, inspecting, testing, design, and selling and distribution of the aforesaid vehicle and airbag; in that they failed to use proper, sufficient and good material in the construction, manufacturing, engineering, assembling, building, inspecting, testing, designing, selling and distribution of the aforesaid vehicle and airbag; in manufacturing, engineering, assembling, building, inspecting, designing, selling and distributing said vehicle and airbag so that it was inherently dangerous, improper, dangerous and defective in the engineering concept and design; that said vehicle and airbag was manufactured, engineered,

6

assembled, built, inspected, tested, designed, sold and distributed in a dangerous and defective manner; in failing to protect the occupant adequately and properly against impact; in failing to properly and adequately protect occupant and user of the vehicle and airbag against foreseeable injuries; in manufacturing, engineering, assembling, building, inspecting, testing, designing, selling and distributing an inherently dangerous vehicle and airbag; in that said vehicle and airbag were inherently dangerous and defective in manufacture, engineering, assembling, building, inspecting, testing, designing, selling and distributing the aforesaid vehicle and airbag in that said vehicle and airbag were unsafe; in that the defendants held their product out to the purchaser of same that it could be used with safety; in failing to warn of the defects; in that the defendants knew of the defective condition or by reason of inspection should have known that such defects were dangerous and would cause injury to the user and occupants and users of this vehicle and airbag; in failing to adequately test the said vehicle and airbag; in failing to design, construct, engineer and install a safe and proper vehicle and airbag; in holding out and representing to the public that the said vehicle and airbag were safe, proper and fit for the use intended and of merchantable quality; in fact, the said defendants placed the vehicle and airbag in the channels of commerce without properly testing and inspecting same for defects and hazards contained therein; in causing, allowing and permitting the said vehicle and airbag to be distributed and sold without sufficient and proper testing for safety and its design; in failing to warn the general public and the plaintiff of the defects contained therein; and in otherwise being careless and negligent.

THIRTY-NINTH:    That as a result of the negligence and carelessness of the defendants herein, plaintiff sustained severe and grievous personal injuries as defined by Section 5102(d) of the Insurance Law, or economic loss greater than basic economic loss, as defined in Section 5102(d) of the Insurance Law.

FORTIETH:  That plaintiff is a covered person as defined by Section 5102(d) of the Insurance Law of the State of New York.

FORTY-FIRST:  That as a result of the foregoing, plaintiff was rendered sick, sore, lame and disabled; suffering injuries both internal and external; suffered pain and anguish; suffered loss of enjoyment of life; was confined to her bed and home for a lengthy period of time; was compelled to seek medical care and attention and, upon information and belief, will in the future be compelled to seek medical care and attention; was prevented from following her usual occupation and incurred lost earnings as a result thereof and upon information and belief, will in the future, be disabled from following her usual occupation and was otherwise injured and damaged.

FORTY-SECOND:  That this action falls within one or more of the exceptions set forth in CPLR 1602.

FORTY-THIRD:  That by reason of the foregoing, plaintiff has been severely and permanently injured and damaged and, accordingly, seeks appropriate recompense.

FORTY-FOURTH: That as a result of the foregoing; the amount of damages sought herein exceeds the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction herein.

## AS AND FOR A SECOND CAUSE OF ACTION:

FORTY-FIFTH:  Plaintiffs repeat, reiterate and reallege each and every allegation set forth in Paragraphs "FIRST" through "FORTY-SECOND" of the first cause of action inclusive, of this complaint, with the same force and effect as though more fully set forth at length herein.

FORTY-SIXTH:  That at the time of the manufacture, engineering, design, sale, assembly, use, distribution, inspection and testing of the aforesaid products by defendants, said

defendants had full knowledge that the said product would be used for the purposes for which they were intended and said defendants represented and warranted to plaintiff and to any other potential, ultimate user of said products that said product were safe, suitable and fit for all purposes intended and that said products were in a good, safe, fit and merchantable condition.

FORTY-SEVENTH: That Plaintiff relied upon the knowledge, judgment and skill of the defendants in the manufacture, engineering, design, sale, assembly, use, distribution, inspection and testing of said products and the selection and use of strong, suitable, adequate, safe and proper materials and mechanism.

FORTY-EIGHTH: That plaintiff relied upon the representations, knowledge, judgment and skill of the defendants in the inspection and testing of said products.

FORTY-NINTH: That contrary to representations and warranties of defendants, said products had not been adequately tested and was not free from dangerous and latent defects in the manufacture, engineering, design, sale, assembly, use and distribution, maintenance, inspection and testing thereof.

FIFTIETH: That defendants violated and breached said implied warranties and said products were not of good quality, were not free from defects, were not fit or merchantable, were not fit or suitable for all purposes intended, and were not designed in a good, safe and proper manner and were not manufactured, constructed, designed, sold, assembled, used, distributed, maintained, inspected and tested in a good, safe and fit manner or with good, safe, fit or merchantable components.

FIFTY-FIRST: The fact that said products were not merchantable, unfit for the purposes intended and had latent defects therein could not be discovered by plaintiff.

FIFTY-SECOND:  As a result of the defendants' breach of its implied warranties, plaintiff was caused to sustain severe and grievous permanent personal injuries and damages and, accordingly, seeks appropriate recompense.

FIFTY-THIRD: That as a result of the foregoing; the amount of damages sought herein exceeds the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction herein.

## AS AND FOR A THIRD CAUSE OF ACTION

FIFTY-FOURTH:  Plaintiffs repeat, reiterate and reallege each and every allegation set forth in Paragraphs "FIRST" through "FORTY-SECOND" of the first cause of action and paragraphs "FORTY-FIFTH" through "FIFTY-SECOND" of the second cause of action inclusive, of this complaint, with the same force and effect as though more fully set forth at length herein.

FIFTY-FIFTH:  In connection with the manufacture, engineering, design, sale, assembly, use, distribution, inspection, testing and maintenance of the aforesaid products, defendants are strictly liable under the Doctrine of Strict Liability to a user thereof.

FIFTY-SIXTH:  As a result of the foregoing, plaintiff was caused to sustain severe and grievous permanent personal and damages and, accordingly, seeks appropriate recompense.

FIFTY-SEVENTH: That as a result of the foregoing; the amount of damages sought herein exceeds the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction herein.

## AS AND FOR A FOURTH CAUSE OF ACTION:

FIFTY-EIGHTH: Plaintiffs repeat, reiterate and reallege each and every allegation set forth in Paragraphs "FIRST" through "FORTY-SECOND" of the first cause of action; paragraphs "FORTY-FIFTH" through "FIFTY-SECOND" of the second cause of action and paragraphs "FIFTY-FOURTH" through "FIFTY-FIFTH" of the third cause of action, inclusive, of this complaint, with the same force and effect as though more fully set forth at length herein.

FIFTY-NINTH: When plaintiff used the aforesaid products herein, defendants did warrant to plaintiff that the products were manufactured, engineered, designed, sold, assembled, used, distributed, inspected, tested and maintained in a proper, suitable, adequate and safe manner, and would remain so for several years and further warranted that the said products were safe and fit for the use and purposes for which they were made and that they would hold up under normal use without breaking and that the same were free from defects.

SIXTIETH: Plaintiff accepted and used said products on defendants' representations and expressed warranties and used said products in reliance upon the promises and warranties made by the defendants herein and had no knowledge of any latent defects, inadequacy or deficiency in the manufacture, engineering, design, sale, assembly, use, distribution, inspection, testing and maintenance of said products.

SIXTY-FIRST: Contrary to said representations and expressed warranties of defendants, as hereinabove alleged, said products were defective in its manufacture, engineering, design, sale, assembly, use, distribution, inspection and testing; were unfit for the purpose for which they was intended, lacked adequate or proper equipment and mechanism; were not manufactured

with good, safe, fit and merchantable components and did not function properly or safely when lawfully operated.

SIXTY-SECOND:  As a result of defendants' breach of express warranty, plaintiff was caused to sustain severe and grievous permanent personal and injuries and damages and, accordingly, seeks appropriate recompense.

SIXTY-THIRD: That as a result of the foregoing; the amount of damages sought herein exceeds the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction herein.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, THOMAS TERRANOVA:

SIXTY-FOURTH:  Plaintiffs repeat, reiterate and reallege each and every allegation set forth in Paragraphs "FIRST" through " FORTY-SECOND" of the first cause of action; paragraphs "FORTY-FIFTH" through "FIFTY-SECOND" of the second cause of action and paragraphs "FIFTY-FOURTH" through "FIFTY-FIFTH" of the third cause of action and paragraphs "FIFTY-EIGHTH" through "SIXTY-FIRST" of the fourth cause of action, inclusive, of this complaint, with the same force and effect as though more fully set forth at length herein.

SIXTY-FIFTH:  That at all times hereinafter mentioned, plaintiff, THOMAS TERRANOVA, was the husband of plaintiff, CLAUDIA TERRANOVA, and as such lived and cohabited with her and was entitled to her society, services, consortium and companionship.

SIXTY-SIXTH:  That as a result of the foregoing, plaintiff, THOMAS TERRANOVA, has been deprived of the society, services, consortium and companionship of his wife, CLAUDIA TERRANOVA.

12

SIXTY-SEVENTH:  That as a result of the foregoing, plaintiff has been severely and permanently injured and damaged and, accordingly, seeks appropriate recompense.

SIXTY-EIGHTH:  That as a result of the foregoing, the amount of damages sought herein against defendants exceeds the jurisdictional limits of all lower Courts which might otherwise have jurisdiction herein.

WHEREFORE, Plaintiffs demand judgment against defendants herein for such monetary relief or other relief as shall be called for by the proof and to be awarded by the Court and/or jury; the amount of damages sought herein exceeds the jurisdictional limits of all lower Courts which might otherwise have jurisdiction herein.

> SHANDELL, BLITZ, BLITZ
> & ASHLEY, LLP
> Attorneys for Plaintiffs
> Office & P.O. Address
> 150 Broadway
> New York, NY  10038
> (212) 513-1300

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the State of New York, hereby affirms, that the undersigned has read the foregoing complaint, knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not the plaintiff is that plaintiff resides in a county other than that in which affirmant maintains his offices.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge are as follows: Medical Reports, Hospital Records, Investigations, File.

The undersigned affirms that the foregoing statements are true, under penalty of perjury.

Dated: New York, New York
      December 4, 2007

Mitchel H. Ashley

**INDEX NO.**                    **YEAR**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

CLAUDIA TERRANOVA and THOMAS TERRANOVA,

                              Plaintiffs,

- against -

TOYOTA OF NEWBURGH and TOYOTA MOTOR SALES, U.S.A., INC.,

                              Defendants.

---

### SUMMONS and VERIFIED COMPLAINT

---

**SHANDELL, BLITZ, BLITZ & ASHLEY, LLP**
Attorneys for Plaintiffs
Office and Post Office Address, Telephone
**150 BROADWAY, 14TH FLOOR**
**NEW YORK, NEW YORK 10038**
**(212)513-1300**

---

Signature Pursuant to Rule 130-1.1-a

Mitchel H. Ashley

---

To:

Attorney(s) for



UNITED STATES POSTAGE
02 1A
0004374734
MAILED FROM ZIP CODE 12231
$ 06.11⁰
JAN 10 2006

CERTIFIED MAIL

Ps Form 3800 8/02

7111 5495 5583 1607 3278

RETURN RECEIPT REQUESTED

Article Addressed To:

TOYOTA MOTOR SALES U.S.A., INC.
THE PRENTICE-HALL CORPORATION SYSTEMS
80 STATE STREET
ALBANY, NY 12206

USA CERTIFIED MAIL

COMPLETE THIS SECTION ON DELIVERY

A. Signature: ( ☐ Addressee or ☐ Agent)
X _____

B. Received By: (Please Print Clearly)
_____

C. Date of Delivery
_____

D. Addressee's Address (if different from Address Used by Sender)
_____

Secondary Address ( Suite / Apt. / Floor   (Please Print Clearly)
_____

Delivery Address
_____

City _____ State ____ ZIP + 4 Code

Sender:

New York State Department of State
41 State Street
Albany, NY 12231

Receipt # 200801090092

---

THE PRENTICE-HALL CORPORATION SYSTEMS IN
80 STATE STREET
ALBANY, NY 12206

DEPARTMENT OF STATE
UNIFORM COMMERCIAL CODE
ALBANY, NY 12231-0001

DOS-1246 (11/95)