UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CLAUDIA TERRANOVA and THOMAS
TERRANOVA,                                                      **ECF Case**

                                          Plaintiffs,          **VERIFIED ANSWER**

vs.                                                            08cv01217 (WCC) (MDF)

TOYOTA OF NEWBURGH and
TOYOTA MOTOR SALES, U.S.A.,
INC.,

                                          Defendants
_____

        Defendant, Toyota Motor Sales, U.S.A., Inc., by its attorneys, Gibson, McAskill &

Crosby, LLP, as and for an Answer to the Summons and Verified Complaint:

        1.      As to the allegations contained in Paragraphs FIRST, SECOND, THIRD, FOURTH,

FIFTH, SIXTH, SEVENTH, EIGHTH, NINTH, TENTH, ELEVENTH, TWELFTH,

THIRTEENTH, FOURTEENTH, deny knowledge and information sufficient to form a belief as to

those allegations not directed to TMS and deny to the extent any allegations made against TMS.

        2.      Admits the allegations contained in Paragraphs FIFTEENTH, TWENTIETH and

TWENTY-FIRST.

        3.      As to the allegations contained in Paragraph SIXTEENTH, denies TMS was a

domestic corporation, but admits TMS was authorized to do business in the State of New York, and

denies the remaining allegations therein.

        4.      Denies each and every allegation contained in Paragraphs SEVENTHEENTH,

EIGHTEENTH, NINETEENTH, TWENTY-THIRD, TWENTY-FOURTH, TWENTY-FIFTH,

TWENTY-SIXTH, THIRTY-FIFTH, THIRTY-EIGHTH, THIRTY-NINTH, FORTIETH, FORTY-

FIRST, FORTY-SECOND, FORTY-THIRD, FIFTY-THIRD, FIFTY-FIFTH, FIFTY-SIXTH,

FIFTY-SEVENTH, SIXTH-THIRD, SIXTY-SIXTH, SIXTY-SEVENTH and SIXTY-EIGHTH.

5.    As to the allegations contained in Paragraphs TWENTY-SECOND and TWENTY-EIGHTH, denies and reserves all questions of law to this Court.

6.    As to the allegations contained in Paragraph TWENTY-SEVENTH, TMS denies distributing or selling airbags other than those that might have been contained in the complete vehicles distributed by TMS, and denies the remaining allegations contained therein.

7.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs TWENTY-NINTH, THIRTIETH, THIRTY-FIFTH, FORTY-FOURTH, FORTY-SEVENTH, FORTY-EIGHTH, SIXTY-FIFTH.

8.    As to the allegations contained in Paragraph THIRTY-FIRST, admit that TMS distributed the Toyota Camry bearing Vehicle Identification Number 4T1BE46K67U540140, but denies the remaining allegations directed to TMS, and denies knowledge or information sufficient to form a belief to those allegations directed to co-defendant.

9.    As to the allegations contained in Paragraph THIRTY-SECOND, admits that TMS distributed the original airbags within the Toyota Camry bearing Vehicle Identification Number 4T1BE46K67U540140 that were within the completed vehicle when it was originally sold, denies the remaining allegations directed to TMS and denies knowledge or information sufficient to form a belief to those allegations directed to co-defendant.

10.    As to the allegations contained in Paragraphs THIRTY-THIRD and THIRTY-FOURTH, denies that the vehicle or airbags were unsafe, unfit or hazardous, reserves all questions of law to this Court and denies the remaining allegations therein.

11.    As to the allegations contained in Paragraphs THIRTY-SIXTH and THIRTY-SEVENTH, denies designing the aforesaid vehicle or airbag, admits that the vehicle was certified to

2

comply with all applicable Federal Motor Vehicle Safety Standards; reserves all questions of law to this Court; denies the vehicle was dangerous and denies the remaining allegations.

12.    Treat the allegations contained in Paragraphs FORTY-FIFTH, FIFTY-FOURTH, FIFTY-EIGHTH, SIXTY-FOURTH as are treated elsewhere herein.

13.    As to the allegations contained in Paragraphs FORTY-SIXTH, FORTY-NINTH, FIFTIETH, FIFTY-FIRST, FIFTY-SECOND, FIFTY-NINTH, SIXTIETH, SIXTY-FIRST, SIXTY-SECOND and SIXTY-THIRD denies manufacturing, engineering, designing, assembling, using, and testing of the vehicle; denies making any warranties beyond those contained in the Warranty booklet provided to all original purchasers of Toyota vehicles and those warranties implied by law, denies breaching any said warranties; and denies the remaining allegations therein.

14.    Deny each and every allegation of the Verified Complaint not heretofore specifically admitted or denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

15.    The answering defendant, if liable at all in this matter, is fifty percent (50%) or less liable and as such, the answering defendant's liability to the plaintiffs for non-economic loss shall not exceed each respective tortfeasor's equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss pursuant to Article 16 of the New York State Civil Practice Law and Rules.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

16.    All or part of plaintiffs' claimed economic loss may have been paid, replaced or indemnified in whole or in part from collateral sources, or with reasonable certainty will be replaced

or indemnified in the future from such collateral sources, and to that extent, the answering defendant requests that in the event plaintiffs recover any judgment herein, that said judgment be reduced by any amounts that have been or may be recovered in whole or in part from collateral sources, pursuant to CPLR 4545.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THE ANSWERING
DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:**

17.    Plaintiffs have received full or partial payment for the injuries alleged in plaintiffs' Complaint by way of a settlement against the co-defendant or other unnamed defendants, and/or his insurance company.  As such, any judgment which may be rendered against the answering defendant must be reduced by the amount stipulated by the release between the co-defendant or other unnamed defendants, and/or his insurance company and plaintiffs, or in the amount of the consideration paid for it or in the amount of the released tortfeasor's equitable share of the damages under Article 14 of the New York Civil Practice Laws and Rules, whichever is greatest, pursuant to New York General Obligation Law §15-108.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THE ANSWERING
DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:**

18.    Any injury, loss, and/or damages that may have been sustained by plaintiffs was the result of an independent, intervening agency or instrumentality over which answering defendant had no control or right of control.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, THE ANSWERING
DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:**

19.    The culpable conduct of the plaintiffs, if not the sole cause of damages sustained by the plaintiffs in the accident alleged in the complaint, contributed to such injuries and damages and any damages otherwise recoverable by plaintiffs in this action shall be diminished in the proportion which the plaintiffs' culpable conduct bears to the culpable conduct which caused such damages,

pursuant to Article 14A of the New York State Civil Procedure Law and Rules.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

20.    Plaintiffs have failed to mitigate their damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

21.    Some or all of plaintiffs' claims are pre-empted by Federal Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

22.    The vehicle referred to in plaintiffs' Complaint conformed to the state of the art and

complied with all applicable government regulations and standards.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

23.    That at the time of the occurrence alleged in the complaint, the plaintiff had available

for her use seatbelts and shoulder harnesses, to restrict her movement within the vehicle in which

she was riding, but said plaintiff failed to utilize said device with the result that the injuries and

damages to the plaintiff and the extent thereof was increased beyond what it would have been if the

aforementioned device had been used by plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

24.    That the defendant, TMS, denies any negligence on its part which was a proximate

cause of the injuries alleged in the complaint, but if the defendant, TMS, is found liable to the

plaintiff, then such liability will have been brought about by reason of the active and primary

negligence of third parties and other tortfeasors, and if the defendant, TMS, is found liable to any

degree in this action to the plaintiff, then defendant, TMS, will be entitled to indemnification by and

judgment over and against or contribution from the third parties and other tortfeasors for the full

amount of said liability, or for such proportionate share as represents the full amount, degree or kind

of negligence attributable to the third-party tortfeasor pursuant to Article 14 of the Civil Practice

Law and Rules.

WHEREFORE, defendant TOYOTA MOTOR SALES, U.S.A., INC., demands

judgment dismissing the plaintiffs' Complaint; or, in the event that the plaintiffs are entitled to

recover, that the amount of damages recoverable be diminished in the proportion which the

culpable conduct and contributory negligence attributed to plaintiffs bear to the culpable conduct

and negligence which caused such damages pursuant to Article 14A; that liability for non-

economic loss be limited pursuant to Article 16 of the Civil Practice Law and Rules; that any

verdict be reduced pursuant to CPLR 4545 and General Obligations Law §15-108; that liability

be apportioned, pursuant to Article 14 of the Civil Practice Law and Rules and TMS receive

indemnification and/or contribution in accordance with such apportionment; together with the

costs and disbursements of this action; and for such other, further and different relief which may

seem just, proper and equitable.

Dated: Buffalo, New York
         February 11, 2008

                                          _/S/___Robert G. Scumaci  (RS 5343)_
                                          ROBERT G. SCUMACI, ESQ.
                                          Gibson, McAskill & Crosby, LLP
                                          Attorneys for Defendant
                                          TOYOTA MOTOR SALES, U.S.A., INC.
                                          69 Delaware Avenue, Suite 900
                                          Buffalo, New York  14202
                                          (716) 856-4200

TO:    Mitchel H. Ashley, Esq.
       SHANDELL, BLITZ, BLITZ, & ASHLEY, LLP
       Attorneys for Plaintiffs
       150 Broadway
       New York, New York  10038