UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CLAUDIA TERRANOVA and THOMAS
TERRANOVA,　　　　　　　　　　　　　　　　　　　　**PLAINTIFFS' STATEMENT OF**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNDISPUTED FACTS**
　　　　　　　　　　　　　*Plaintiffs,*

　　　　-against-

TOYOTA OF NEWBURGH and TOYOTA　　　　Civil Action No.: 08-CV-01217
MOTOR SALES U.S.A., INC.　　　　　　　　　　　　Hon. William C. Conner, USDJ

　　　　　　　　　　　　　*Defendants.*
------------------------------------------------------------------x

　　Plaintiffs Claudia Terranova and Thomas Terranova, by their attorneys Shandell, Blitz, Blitz & Ashley, LLP, submit the following Statement of Undisputed Facts in support of their motion for an Order pursuant to 28 U.S.C. § 1447 to remand this matter to the Supreme Court of the State of New York, Orange County.

## BACKGROUND

　　1.　　In this action plaintiff Claudia Terranova ("Mrs. Terranova") asserts claims for serious personal injuries, permanent disability, and economic loss[1] arising out a two car motor vehicle accident that occurred on December 15, 2006 in the town of Newburgh, Orange County, State of New York.[2] Plaintiff Thomas Terranova ("Mr. Terranova") asserts derivative claims for loss of society, services and companionship. On that date Mrs. Terranova was operating a 2007 Toyota Camry she and her husband leased from Toyota of Newburgh, Inc.[3]

---

[1] All references herein will be to the Declaration of Stewart G. Milch in Support of Plaintiffs' Motion to Remand as "Milch Dec., Exhibit ___." A copy of the Summons and Verified Complaint dated December 4, 2007 is attached to the Milch Dec. as **Exhibit A.**
[2] Milch Dec., **Exhibit D** (copy of Police Accident Report).
[3] Milch Dec., **Exhibit E** (copy of lease agreement).

2. Specifically, the plaintiffs claim that both Toyota of Newburgh and Toyota Motor Sales U.S.A., Inc. made warranties and representations to the Terranovas concerning, *inter alia*, the safety of the car and that it contained numerous airbags sufficient to protect vehicle occupants during accidents. The plaintiffs additionally assert theories of negligence, strict products liability, failure to warn, and negligent misrepresentation.

3. As noted above, on December 15, 2006 Mrs. Terranova was involved in an accident while operating her leased Toyota. The accident apparently involved a right angle collision with a vehicle owned by the Washingtonville Fire Department and operated by a "C. M. Van Riper."[4] The impact caused significant damage to Mrs. Terranova's car,[5] but the airbags did not deploy. As a result, Mrs. Terranova struck her head on portions of the interior of her car, sustained a traumatic brain injury, and is now permanently incapacitated.

## THE PARTIES

4. Shortly after the accident the plaintiffs moved to South Carolina and are, accordingly, South Carolina residents.

5. According to the New York Secretary of State's Corporation database, defendant Toyota of Newburgh is an active New York Corporation with a current name of Autos of Newburgh, Inc.[6] and is indicated as the lessor of the subject Toyota Camry.[7]

6. Defendant Toyota Motor Sales U.S.A., Inc. is a foreign corporation with a principal place of business outside of New York State.[8]

---

[4] Milch Dec., **Exhibit D** (Police Accident Report).
[5] Milch Dec., **Exhibit I** (photograph)
[6] Milch Dec., **Exhibit G**.
[7] Milch Dec., **Exhibit E**.

## COMMENCEMENT OF THE ACTION AND SERVICE OF
## THE SUMMONS AND VERIFIED COMPLAINT

7.  The plaintiffs commenced a timely action in the Supreme Court of the State of New York, Orange County by filing a Summons and Verified Complaint with the Orange County Clerk on December 20, 2007.[9]

8.  Defendant Toyota Motor Sales U.S.A., Inc. was served with the Summons and Complaint and thereafter filed a Notice of Removal and Verified Answer.[10]

9.  Defendant Toyota of Newburgh, Inc. was served via the New York Secretary of State on January 24, 2008,[11] but has not answered.

10. Some time after Toyota of Newburgh was served I received a telephone call from Peter Edelstein, Esq., who identified himself as an attorney who represented Toyota of Newburgh, Inc. when it was sold to an entity known as Hometown Auto Retailers, Inc. ("Hometown Auto"), a Connecticut corporation.

11. A further search of the New York Secretary of State's corporation database revealed a New York Subsidiary of Hometown Auto – Hometown Newburgh, Inc. ("Hometown Newburgh").  Hometown Newburgh, like Toyota of Newburgh, is an active New York corporation.[12]

12. Accordingly, on February 29, 2008 we completed a Supplemental Summons and Amended Complaint naming Hometown Auto, Hometown Newburgh and

---

[8]  Milch Dec., **Exhibit B**, paragraph "9."
[9]  Milch Dec., **Exhibit A**.
[10] Milch Dec., **Exhibits B and C**.
[11] Milch Dec., **Exhibit F**.
[12] Milch Dec., **Exhibit G**.

George Gaillard, an individual Mr. Edelstein mentioned as a "possible co-owner" of the Toyota dealership.

13. The new defendants have not yet been served, but we believe they will be served within 120 days of the filing of the supplemental/amended pleading in accordance with New York Civ. Prac. L.&R. § 306-b .

14. Accordingly, in addition to the forum defendant Toyota of Newburgh which was served with process, defendants Hometown Newburgh and George Gaillard are New York residents.

Dated: New York, New York
March 28, 2008

SHANDELL, BLITZ, BLITZ & ASHLEY, LLP

By: _____
Stewart G. Milch, Esq. (SGM 2533)
Attorneys for Plaintiffs
*Claudia Terranova and Thomas Terranova*
150 Broadway, 14th Floor
New York, New York 10038
(212) 513-1300

To: Gibson, McAskill & Crosby
Attorneys for Defendant
*Toyota Motor Sales, U.S.A., Inc.*
69 Delaware Avenue, Suite 900
Buffalo, New York 14202
(716) 856-4200