UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CLAUDIA TERRANOVA and THOMAS
TERRANOVA,

                        *Plaintiffs,*

-against-

TOYOTA OF NEWBURGH and TOYOTA     Civil Action No.: 08-CV-01217
MOTOR SALES U.S.A., INC.                     Hon. William C. Conner, USDJ

                        *Defendants.*
-------------------------------------------------------------------x

# MEMORANDUM OF LAW FOR PLAINTIFFS
# CLAUDIA TERRANOVA AND THOMAS TERRANOVA

                        Shandell, Blitz, Blitz & Ashley, LLP
                        Attorneys for Plaintiffs
                        *Claudia Terranova and Thomas Terranov*
                        150 Broadway, 14th Floor
                        New York, New York 10038
                        (212) 513-1300

*Of Counsel:*

    Stewart G. Milch, Esq.

# TABLE OF CONTENTS

Page

TABLE OF CASES AND OTHER AUTHORITIES ............................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 2

    The Nature of the Action and Procedural Posture ..................................................... 2

POINT I

    BECAUSE THE PLAINTIFFS HAVE JOINED AND SERVED A DEFENDANT WHO IS A NEW YORK CITIZEN, REMOVAL WAS IMPROPER UNDER 28 U.S.C. § 1441(b) ............................................................. 5

POINT II

    THE PLAINTIFFS SHOULD BE PERMITTED TO JOIN HOMETOWN TOYOTA, INC., HOMETOWN NEWBURGH, INC. AND GEORGE GAILLARD AND THIS MATTER SHOULD THEREAFTER BE REMANDED TO STATE COURT BECAUSE THERE HAS BEEN NO DELAY IN SEEKING TO JOIN THOSE PARTIES, THE DEFENDANT WILL NOT BE PREJUDICED BY THE JOINDER, MULTIPLE LITIGATION WOULD RESULT IF THEY ARE NOT JOINED, AND PLAINTIFFS HAVE A VALID MOTIVE FOR SEEKING THE AMENDMENT ..................................................... 8

CONCLUSION ................................................................................................................... 10

# TABLE OF CASES AND OTHER AUTHORITIES

Page

## CASES

*Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996) .......................................................... 5

*Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005) ................................................ 5

*Nazario v. Deere & Company*, 295 F.Supp.2d 360 (SDNY 2003) ......................... 8

*Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459 (2d Cir. 1998) .............................. 6

*Repka v. Arctic Cat, Inc.*, 20 A.D.3d 916 (4th Dep't 2005) ....................................... 7

*Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003) .............................................................. 6

*Whitaker v. American Telecasting*, 261 F.3d 196 (2d Cir. 2001) ............................. 6

## STATUTES

28 U.S.C. § 1441(b) .................................................................................... *Passim*

28 U.S.C. § 1447(e) ......................................................................................... 8

New York Bus. Corp. Law § 306 ........................................................................ 5

## OTHER AUTHORITIES

*Moore's Federal Practice* § 107.14[2][c] (3d Edition 2006) ................................... 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CLAUDIA TERRANOVA and THOMAS
TERRANOVA,

                               *Plaintiffs,*

          -*against*-

TOYOTA OF NEWBURGH and TOYOTA         Civil Action No.: 08-CV-01217
MOTOR SALES U.S.A., INC.                        Hon. William C. Conner, USDJ

                              *Defendants.*
------------------------------------------------------------------x

# MEMORANDUM OF LAW FOR PLAINTIFFS
# CLAUDIA TERRANOVA AND THOMAS TERRANOVA

### Preliminary Statement[1]

In an action to recover damages for serious personal injuries, plaintiffs Claudia Terranova and Thomas Terranova ("plaintiffs") respectfully submit this *Memorandum of Law* and accompanying *Declaration in Support* in support of their motion to remand this matter to the Supreme Court of the State of New York, Orange County. In seeking to remand this case the plaintiffs advance two arguments: first, that the defendant's removal was procedurally improper under 28 U.S.C. § 1441(b); and second, that even if the removal was proper, this Court should permit joinder of additional parties whose presence would destroy diversity jurisdiction.

---

[1]     References to Exhibits will be to the Declaration in Support of Stewart G. Milch, Esq. ("Milch Dec., Exhibit ___.").

This action was brought to recover damages for Claudia Terranova's ("Mrs. Terranova) injuries sustained as the result of a motor vehicle accident that occurred on December 15, 2006.[2] Mrs. Terranova was driving a 2007 Toyota Camry manufactured by defendant Toyota Motor Sales U.S.A., Inc. ("TMS") and apparently leased from defendant Toyota of Newburgh, Inc. ("Newburgh") when it was involved in an accident with a Washingtonville Fire District vehicle operated by C.M. Van Riper.[3] Despite the severity of the impact to Mrs. Terranova's car the airbags did not deploy and Mrs. Terranova struck her head on interior portions of her car. As a result of the accident she sustained a traumatic brain injury and is permanently incapacitated.

After an action was commenced against Newburgh and TMS in New York State Supreme Court, Orange County, TMS answered and removed this matter to the United States District Court for the Southern District of New York. No discovery has been conducted.

## STATEMENT OF FACTS

### The Nature Of The Action And Procedural Posture

In June 2006 Mrs. Terranova leased a new 2007 Toyota Camry from Toyota of Newburgh, located at 2934 Route 9W in New Windsor, New York.[4] The dealership represented to her that the car was equipped with airbags sufficient to protect vehicle occupants when the vehicle was involved in a collision. Unfortunately, when Mrs. Terranova was involved in an accident on December 15, 2006 the airbags did not deploy and she was seriously injured.

---

[2] Milch Dec., Exhibit D.
[3] Milch Dec., Exhibit D.
[4] Milch Dec., Exhibit E.

Following the accident the plaintiffs commenced a timely action against the defendants by filing a Summons and Verified Complaint with the Supreme Court of the State of New York, Orange County clerk.[5] The original Summons and Verified Complaint in this action sets forth four causes of action against the defendants on Mrs. Terranova's behalf including strict products liability, breach of warranty, failure to warn, and negligent misrepresentation claims.[6] A fifth, derivative cause of action is asserted on Thomas Terranova's behalf for his loss of the society, services, consortium and companionship of his wife.[7] Each is a viable cause of action under New York law.

The Summons and Verified Complaint was thereafter served on each defendant. Newburgh has not answered. It is clear, however, from a perusal of the lease agreement between Newburgh and the Terranovas that Newburgh was the lessor of the subject vehicle. Despite the proscription contained in 28 U.S.C. § 1441(b) against removal where a local defendant has been served, TMS answered and removed the case to this Court.[8] Our office thereafter learned that the Newburgh dealership -- now known as "Autos of Newburgh, Inc." according to the Secretary of State[9] -- may have been sold to an entity known as Hometown Auto Retailers, Inc. ("Hometown Auto"), a Connecticut corporation, as long ago as 1999. Further investigation revealed that Hometown Newburgh, Inc. ("Hometown Newburgh"), a wholly owned subsidiary of Hometown Auto and a New York corporation is another entity involved in the operation of the Newburgh dealership. Finally, our investigation disclosed that George Gaillard ("Mr. Gaillard") -- also

---

[5]  Milch Dec., Exhibit A.
[6]  Milch Dec., Exhibit A.
[7]  Id.
[8]  Milch Dec., Exhibits B and C.
[9]  Milch Dec., Exhibit G.

a New York citizen -- may also have been involved in the operation of the Newburgh dealership.

Accordingly, on February 29, 2008 we completed a Supplemental Summons and Amended Complaint naming Hometown Auto, Hometown Newburgh, and Mr. Gaillard and asserting the same causes of action against those defendants as were asserted in the original Complaint.[10]

Following an initial/pre-motion conference with Your Honor on March 7, 2008 the plaintiffs were granted permission to move to remand the case to Orange County. This motion ensues.

---

[10]   Milch Dec., Exhibit H.

### POINT I

### BECAUSE THE PLAINTIFFS HAVE JOINED AND SERVED A DEFENDANT WHO IS A NEW YORK CITIZEN, REMOVAL WAS IMPROPER UNDER 28 U.S.C. § 1441(b)

28 U.S.C. § 1441(b) recites as follows:

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treatises or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.* (emphasis added)

The statute is so clear it hardly requires interpretation. Indeed, as the Supreme Court noted in *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996):

When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), *provided that no defendant 'is a citizen of the State in which such action is brought,'* § 1441(b). (emphasis added)

*Accord, Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005) ("…§ 1441(b) bars removal on the basis of diversity jurisdiction if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.'")

Here, the plaintiffs filed their action in New York State court against TMS and Newburgh. Newburgh is the lessor of the vehicle at the center of this litigation, an active New York corporation and, accordingly, a citizen of New York. And, finally, Newburgh was served in accordance with New York Business Corporation Law § 306. It has not been suggested by TMS to this point that a federal statute is involved. Thus, all of the

preconditions that procedurally bar removal here have been met; TMS's removal was simply procedurally improper.

The defendant has suggested that Newburgh is a "fraudulently joined" party and therefore its removal of this action was proper.[11]  Not true.  In order to establish fraudulent joinder the defendant must demonstrate the absence of any possibility that the plaintiffs have stated a cognizable claim under state law.  *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003).  *Accord, Whitaker v. American Telecasting*, 261 F.3d 196, 207 (2d Cir. 2001) ("In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court.")

The removing party bears the burden of proving that the joinder was fraudulent, and that burden is substantial.  *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).  Indeed, when considering an allegation of fraudulent joinder "all factual and legal issues must be resolved in favor of the plaintiff."  *Id.*  As one commentator has noted,

> [T]he sole concern is whether, as a matter of law, the plaintiff has alleged a valid state law cause of action against the nondiverse defendant.  Stated differently, the court must determine whether there is any reasonable basis for predicting that the plaintiff might be able to establish the nondiverse defendant's liability on the pleaded claims in state court.  **Thus, in a fraudulent joinder inquiry, federal courts do not weigh the merits of the plaintiff's claim beyond determining whether the claim is arguable under state law.** (emphasis added)

---

[11] Milch Dec., Exhibit B, paragraph "10."

*Moore's Federal Practice* § 107.14[2][c] (3d Edition 2006).

There can be little question that the entity "Toyota of Newburgh" is noted as the lessor of the subject vehicle.[12] There is similarly little doubt that the entity known as Toyota of Newburgh is an active New York corporation, although the current entity name reflected in the Secretary of State's records is actually "Autos of Newburgh, Inc." As noted above, the claims against Newburgh -- irrespective of the current incarnation of its name -- sound in negligence, strict products liability, failure to warn, and negligent misrepresentation. As the retailer of the automobile, Newburgh may be liable under those theories pursuant to New York State law. *Repka v. Arctic Cat, Inc.*, 20 A.D.3d 916 (4th Dep't 2005). Accordingly, any claims by TMS that Newburgh is a fraudulently joined party should be disregarded and this matter should return to state court.

---

[12] Milch Dec., Exhibit E.

## POINT II

THE PLAINTIFFS SHOULD BE PERMITTED TO JOIN HOMETOWN TOYOTA, INC., HOMETOWN NEWBURGH, INC. AND GEORGE GAILLARD AND THIS MATTER SHOULD THEREAFTER BE REMANDED TO STATE COURT BECAUSE THERE HAS BEEN NO DELAY IN SEEKING TO JOIN THOSE PARTIES, THE DEFENDANT WILL NOT BE PREJUDICED, MULTIPLE LITIGATION WOULD RESULT IF THEY ARE NOT JOINED, AND PLAINTIFFS HAVE A VALID MOTIVE FOR SEEKING THE AMENDMENT

28 U.S.C. § 1447(e) gives courts an option where a plaintiff seeks to add nondiverse parties after a case has been removed: either deny joinder or permit it and remand the case to state court. In considering whether to permit joinder courts look to the following factors:

> (1) Any delay, as well as the reason for the delay, in seeking joinder; (2) resulting prejudice to the defendant; (3) likelihood of multiple litigations; and (4) plaintiff's motivation for the amendment.

*Nazario v. Deere & Company*, 295 F.Supp.2d 360, 363 (SDNY 2003) (Buchwald, J.). Taking the factors enunciated one by one reveals they each weigh in favor of permitting joinder.

First, "delay in seeking amendment is measured from the date of removal." *Nazario, supra.* The defendant's Notice of Removal is dated February 4, 2008 and was filed on February 6, 2008.[13] Immediately after learning of the existence of Hometown Auto Retailers, Hometown Newburgh and George Gaillard as potentially culpable parties, a Supplemental Summons and Amended Complaint was drafted on February 29, 2008,[14] and this motion is being interposed less than two months from the date of removal. Thus,

---

[13] Milch Dec., Exhibit B.
[14] Milch Dec., Exhibit H.

there has been little delay, if any, in seeking joinder. The causes of action asserted against these new defendants are identical to those asserted against Toyota of Newburgh, i.e., negligence, strict products liability, failure to warn, and negligent misrepresentation.

Second, there will be little, if any, prejudice to the defendant. In fact, if joinder is not permitted it is the plaintiffs who will suffer prejudice. It is not hard to imagine a trial scenario where TMS points its finger at the empty chairs that ought to be Hometown Auto, Hometown Newburgh and Mr. Gaillard in an attempt to avoid liability.

The same is true of the third prong of the test. At this early stage of the litigation it appears that Hometown Auto is the parent company of Hometown Newburgh and Toyota of Newburgh may be a d/b/a of Hometown Newburgh. Additionally, as noted above, we have learned that Mr. Gaillard may have an ownership and/or controlling interest in the dealership from which the Terranovas leased their 2007 Camry. Whether this matter is remanded or not we must maintain an action against those defendants as parties potentially responsible for Mrs. Terranova's injuries. And, since Mr. Gaillard and Hometown Newburgh are both New York citizens there is no diversity and neither could remove that action to this Court. The result: separate litigations in separate courts with identical liability claims arising out of the same facts.

Finally, with regard to the fourth enumerated factor, the plaintiffs' motive for seeking to join these defendants should be clear: each is a potentially culpable party under state law and we only learned of their existence after the original Summons and Complaint was filed in Orange County.

## CONCLUSION

For the foregoing reasons the plaintiffs' motion to remand should be granted in its entirety and this matter should be remanded to the Supreme Court of the State of New York, Orange County for further proceedings.

Dated: New York, New York
      March 28, 2008

                Respectfully Submitted,

                Shandell Blitz Blitz & Ashley, LLP
                Attorneys for Plaintiffs
                *Claudia Terranova and Thomas Terranova*
                150 Broadway – 14th Floor
                New York, New York 10038
                (212) 513-1300

By: _____
      Stewart G. Milch (SGM 2533)

Of Counsel:

    Stewart G. Milch, Esq.