UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

CLAUDIA TERRANOVA and THOMAS
TERRANOVA,                                                    **ECF Case**

                           Plaintiffs,               **<u>AFFIRMATION</u>**

vs.                                                                          08cv01217 (WCC) (MDF)

TOYOTA OF NEWBURGH and
TOYOTA MOTOR SALES, U.S.A.,
INC.,

                          Defendants

———————————————————————

      ROBERT G. SCUMACI, ESQ., declares the following to be true under penalties of perjury pursuant to 28 U.S.C. §1746:

      1.      I am an attorney at law, duly admitted to practice in New York State and a member of the law firm of GIBSON, McASKILL & CROSBY, LLP, attorneys for defendant, TOYOTA MOTOR SALES, U.S.A., INC. in the above-entitled action.  I am fully familiar with the facts and circumstances surrounding this action and the matters stated in this Affirmation.

      2.      I make this Affirmation in opposition to plaintiffs' Motion to Remand.  Toyota opposes plaintiffs' Motion to Remand because: (1) removal was proper and was not barred by the forum defendant rule at the time of removal on February 6, 2008; and (2) plaintiffs are not seeking to join non-diverse defendants so remand on that basis under 28 U.S.C. §1447(e) would be improper.  These arguments are more fully outlined in the accompanying Memorandum of Law.

      3.      Attached to this Affirmation as **Exhibit A** is the Affirmation of Peter M. Edelstein, Esq., counsel for Autos of Newburgh, which did business under the name Toyota of Newburgh before 1999.

4.      This is the only dealership that had been served in this action at the time of removal.

5.      I requested this Affirmation from Mr. Edelstein in order to establish that the Toyota dealership that plaintiffs had served at the time of removal was not a proper party to this action and had no involvement with the subject vehicle.

6.      As a result, no New York citizen was a proper party to the action at the time of removal and removal was not barred by the forum defendant rule.

**WHEREFORE**, for the reasons set forth in the accompanying Memorandum of Law TOYOTA MOTOR SALES, U.S.A., INC. respectfully requests that this Court issue an Order denying plaintiffs' Motion to Remand in its entirety.

Dated:  Buffalo, New York
        April 18, 2008

                                        /s/   *Robert G. Scumaci*
                                        ROBERT G. SCUMACI, ESQ. (RS 5343)
                                        Gibson, McAskill & Crosby, LLP
                                        Attorneys for Defendant
                                        TOYOTA MOTOR SALES, U.S.A., INC.
                                        69 Delaware Avenue, Suite 900
                                        Buffalo, New York  14202
                                        (716) 856-4200

TO:    Mitchel H. Ashley, Esq.
       SHANDELL, BLITZ, BLITZ, & ASHLEY, LLP
       Attorneys for Plaintiffs
       150 Broadway
       New York, New York  10038

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

CLAUDIA TERRANOVA and THOMAS
TERRANOVA,

                     Plaintiffs,

vs.

TOYOTA OF NEWBURGH and
TOYOTA MOTOR SALES, U.S.A.,
INC.,

                     Defendants

_____

**ECF Case**

**CERTIFICATE OF SERVICE**

08cv01217 (WCC) (MDF)

I hereby certify that on April 18, 2008, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

    Mitchel H. Ashley, Esq.
    SHANDELL, BLITZ, BLITZ, & ASHLEY, LLP
    Attorneys for Plaintiffs
    150 Broadway
    New York, New York  10038

DATED:    Buffalo, New York
             April 18, 2008

                     /s/ Robert G. Scumaci

EXHIBIT
A
ALL-STATE LEGAL®

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLAUDIA TERRANOVA and THOMAS
TERRANOVA,

                        Plaintiffs,

vs.

TOYOTA OF NEWBURGH and
TOYOTA MOTOR SALES, U.S.A.,
INC.,

                        Defendants

**ECF Case**

**AFFIRMATION**

08cv01217 (WCC) (MDF)

---

       PETER M. EDELSTEIN, ESQ., declares the following to be true under penalties of

perjury pursuant to 28 U.S.C. §1746:

       1.      I am attorney licensed to practice in New York and I have personal knowledge of

the facts in this affirmation.

       2.      I am submitting this affirmation at the request of counsel for Toyota to establish

the facts contained herein.  I have previously provided the information contained herein to

counsel for the plaintiffs, on or about February 11, 2008, by telephone and e-mail.

       3.      I am a partner of the law firm of Edelstein & Lochner LLP.

       4.      My law firm formerly represented Autos of Newburgh, Inc. which did business

under the name Toyota of Newburgh.  We also represented a principal of that business, Mr.

George Gaillard.  This is the legal corporate entity identified in the incorporation information

from the New York Secretary of State annexed to Mr. Milch's affirmation as Exhibit G.

       5.      On April 1, 1999 Autos of Newburgh, Inc. d/b/a Toyota of Newburgh sold and

transferred all of its assets to a different corporate entity.  The closing was held in my office and

the undersigned personally attended and supervised the closing.

6.      Since the date of the closing on April 1, 1999, Autos of Newburgh, Inc. d/b/a Toyota of Newburgh has not operated a Toyota dealership.

7.      Since the date of the closing on April 1, 1999, Autos of Newburgh, Inc. d/b/a Toyota of Newburgh has not sold a Toyota automobile.

8.      My former clients that were served in this action did not lease the subject vehicle to the plaintiffs.

9.      The events described in the Summons and Complaint served upon my former client in no way involved Autos of Newburgh, Inc. d/b/a Toyota of Newburgh.

10.     When my former clients were served with the Summons and Complaint in this matter I immediately contacted plaintiffs' counsel and advised him that he sued the wrong dealership and that he had not sued the dealership that leased the vehicle to the plaintiffs.

11.     As a result of the facts contained herein, plaintiffs did not serve the dealership that leased the vehicle to the plaintiffs when they served my former client.

12.     Accordingly, I have requested that the plaintiffs stipulate to discontinue the action against my former client.  To date, plaintiffs' counsel has graciously granted me an extension of time to answer the Complaint, but I am requesting that the case against my client be discontinued without the need to file an Answer.

I declare under penalty of perjury that the foregoing is true.

Dated: April _/ħ_, 2008

PETER M. EDELSTEIN, ESQ.