UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLAUDIA TERRANOVA and THOMAS
TERRANOVA,

                         Plaintiffs,

vs.

TOYOTA OF NEWBURGH and
TOYOTA MOTOR SALES, U.S.A.,
INC.,

                         Defendants

**ECF Case**

08cv01217 (WCC) (MDF)

---

## TOYOTA'S MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFFS' MOTION TO REMAND

### PRELIMINARY STATEMENT

      Toyota opposes plaintiffs' Motion to Remand because: (1) removal was proper and was not barred by the forum defendant rule at the time of removal on February 6, 2008; and (2) plaintiffs are not seeking to join non-diverse defendants so remand on that basis under 28 U.S.C. §1447(e) would be improper.

      This Court has original diversity jurisdiction of this matter because the plaintiffs are citizens of South Carolina and the original defendants are not citizens of South Carolina. Therefore, complete diversity exists. The forum defendant rule found in 28 U.S.C. 1441(b) did not bar removal on the date of removal because at that time no proper party "in interest" had been "properly joined and served" because plaintiffs sued the wrong Toyota dealership. Finally, remand is not proper or required under 28 U.S.C. §1447(e) because plaintiffs assertion that they intend to join non-diverse defendants is incorrect. The plaintiffs are citizens of South Carolina,

not New York. None of the proposed new defendants are from South Carolina, so adding those defendants will not destroy diversity or this Court's jurisdiction.

I.  **THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION OF THIS DIVERSITY ACTION BECAUSE PLAINTIFFS ARE CITIZENS OF SOUTH CAROLINA AND NO DEFENDANT IS A CITIZEN OF SOUTH CAROLINA**

This Court has original jurisdiction of this diversity action. At the time of removal on February 6, 2008 plaintiffs were alleged to be citizens of South Carolina and no defendant then served was a resident of South Carolina. (*See*, Plaintiffs' Complaint annexed to the Affirmation of Mr. Milch as Exhibit A). Toyota Motor Sales U.S.A., Inc. was a citizen of California and plaintiffs alleged Toyota of Newburgh was a citizen of New York. *Id.* Therefore, complete diversity existed, and still exists, in this action. *See generally*, 28 U.S.C. 1332 and Caterpillar v. Lewis, 519 U.S. 61, 117 S.Ct. 467 (1996)("28 U.S.C. §1332(a) thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Any suggestion that this Court does not have original subject matter jurisdiction in this action is incorrect and legally baseless. Plaintiffs could have brought this case in the District Court originally – they simply chose not to do so.

II.  **THE "FORUM DEFENDANT" RULE IN 28 U.S.C. §1441(b) DOES NOT BAR REMOVAL OF THIS MATTER AND REMOVAL WAS PROPER**

28 U.S.C. §1441(b) contains a procedural bar to removal in diversity actions. Pursuant to that limitation, known as the "forum defendant rule" removal of a diversity action is permissible provided, "none of the parties ***in interest properly joined and served*** as defendants is a citizen of the State in which such action is brought". 28 U.S.C. §1441(b)(emphasis added). Therefore, a state court action otherwise removable based upon diversity is not removable when there is a

defendant who is a party in interest and is a citizen of the forum state.

In the Second Circuit, the forum defendant rule is only a procedural rule, and the rule does not affect the jurisdiction of the District Court. Handelsman v. Bedford Village Associates Limited Partnership, 213 F.3d 48 (2nd Cir.2000) at fn.2. At least eight other Circuits also interpret the forum defendant rule only as a procedural rule and not jurisdictional. *See*, Lincoln Property Co. v. Roche, 546 U.S. 81, 126 S.Ct. 606 (2005) at fn.6; Lively v. Wild Oats Markets, Inc., 456 F.3d. 933 (9th Cir.2006).

Plaintiffs challenge the removal of this case because they assert that their service on the wrong Toyota dealership, ***one that did not sell the subject vehicle***, suffices to bar removal under the forum defendant rule. Permitting plaintiffs to sue disinterested parties to bar removal would be an absurd result and is not a legally proper interpretation of the forum defendant rule.

The forum defendant rule did not bar removal of this matter because at the time of removal no New York defendant that was a proper party "in interest" had been "properly joined and served". *See*, 28 U.S.C. §1441(b). Plaintiffs concede that at the time of removal they had only served "Toyota of Newburgh". Specifically, plaintiffs identify the entity listed on the Department of State record they annex as Exhibit G to Mr. Milch's Affirmation. But that entity did not sell or lease the subject vehicle to the plaintiffs. *See,* Affirmation of Mr. Edelstein, ¶11. What is now abundantly clear is that plaintiffs initially sued and served an incorrect defendant – ***a dealership that had no involvement with the subject vehicle and that has no interest whatsoever in the outcome of this action***. Plaintiffs' assertion that they had served the dealership that leased the vehicle to the plaintiffs by the time of removal on February 6, 2008 is clearly erroneous. The plaintiffs know this because they were told so by legal counsel for the dealership they served more than two months ago. *See,* Affirmation of Mr. Edelstein, ¶10.

3

As outlined in the Affirmation of Mr. Edelstein, filed contemporaneously herewith, Plaintiffs merely served a former Toyota dealership that has not sold a Toyota vehicle since 1999. *See,* Affirmation of Mr. Edelstein, ¶7. The dealership that plaintiffs had served at the time of removal did not sell or lease the subject vehicle to the plaintiffs and is not a proper party in interest to this action. *See,* Affirmation of Mr. Edelstein, ¶11. Mr. Edelstein personally advised Plaintiffs' counsel of this fact. *See,* Affirmation of Mr. Edelstein, ¶10. Plaintiffs concede that they served the wrong dealership as evidenced by their new attempts to identify and serve the proper selling dealership after removal.

The New York dealership entity that was served at the time of the removal is not a proper party to this action. As a result, any consideration of the citizenship of a disinterested party to this action is improper and does not bar removal under the forum defendant rule. The joinder of this improper dealership entity was fraudulent and without merit because no legitimate or valid cause of action exists ***against the dealership that was served*** at the time of the removal. There is no way for plaintiff to establish he can recover from a dealership that ***did not sell*** the subject vehicle. Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459 (2nd Cir.1998)("In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or **that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court.**")(emphasis added.)

### III. REMAND IS NOT PROPER OR REQUIRED UNDER 28 U.S.C. 1447(e) BECAUSE PLAINTIFF HAS NOT JOINED A NON-DIVERSE DEFENDANT

Plaintiffs claim this Court should remand under 28 U.S.C. 1447(e) because they assert, incorrectly, that Plaintiffs intend to join non-diverse defendants. They essentially assert that joinder of the recently identified additional dealership entities will destroy diversity jurisdiction. This assertion is incorrect because the additional dealership entities that plaintiffs intend to join are not non-diverse defendants because none of them are citizens of South Carolina like the plaintiffs.

The joinder of additional defendants that are not citizens of South Carolina can not destroy diversity. Complete diversity will continue to exist and this Court will continue to have original jurisdiction of this matter. Put another way, none of the existing or proposed defendants share residency with the Plaintiffs in South Carolina. As a result, the Plaintiffs are not left with the choice of litigating this matter in two separate courts as they assert, because they are free to join the newly identified dealership entities in this action now pending before this Court. Doing so will not destroy diversity jurisdiction.

Clearly, the addition of New York citizens *after* removal does not affect the legitimacy of the removal two months prior. The removal must be judged upon the facts that existed at the time of removal on February 6, 2008. The forum defendant rule in 28 U.S.C. § 1441(b) only references the citizenship of those "parties in interest properly joined and served as defendants" at the time of removal. Therefore, the joinder of additional defendants now does not bar the removal that occurred two months earlier.

## CONCLUSION

As a result of the foregoing, this Court should deny plaintiff's Motion to Remand in its entirety.

Dated: Buffalo, New York
      April 18, 2008

                                        /s/ *Robert G. Scumaci*
                                        ROBERT G. SCUMACI, ESQ. (RS 5343)
                                        Gibson, McAskill & Crosby, LLP
                                        Attorneys for Defendant
                                        TOYOTA MOTOR SALES, U.S.A., INC.
                                        69 Delaware Avenue, Suite 900
                                        Buffalo, New York  14202
                                        (716) 856-4200

TO:    Mitchel H. Ashley, Esq.
          SHANDELL, BLITZ, BLITZ, & ASHLEY, LLP
          Attorneys for Plaintiffs
          150 Broadway
          New York, New York  10038