UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CLAUDIA TERRANOVA and THOMAS
TERRANOVA,

                *Plaintiffs,*

      *-against-*

TOYOTA OF NEWBURGH and TOYOTA       Civil Action No.: 08-CV-01217
MOTOR SALES U.S.A., INC.                      Hon. William C. Conner, USDJ

                *Defendants.*
------------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW FOR PLAINTIFFS
# CLAUDIA TERRANOVA AND THOMAS TERRANOVA

                              Shandell, Blitz, Blitz & Ashley, LLP
                              Attorneys for Plaintiffs
                              *Claudia Terranova and Thomas Terranova*
                              150 Broadway, 14th Floor
                              New York, New York 10038
                              (212) 513-1300

*Of Counsel:*

    Stewart G. Milch, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CLAUDIA TERRANOVA and THOMAS
TERRANOVA,

                        *Plaintiffs,*

        -against-

TOYOTA OF NEWBURGH and TOYOTA        Civil Action No.: 08-CV-01217
MOTOR SALES U.S.A., INC.                   Hon. William C. Conner, USDJ

                        *Defendants.*
------------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW FOR PLAINTIFFS
# CLAUDIA TERRANOVA AND THOMAS TERRANOVA

Plaintiffs Claudia Terranova and Thomas Terranova ("plaintiffs") submit this Reply Memorandum in further support of their motion to remand this matter to the Supreme Court of the State of New York, Orange County.

### POINT I

Toyota claims removal was proper because the plaintiffs purportedly "sued the wrong Toyota dealership" (defendant's memo of law, p. 1). Accordingly, Toyota claims there was no forum defendant "properly joined and served" such that the proscription against removal found in 28 U.S.C. § 1441(b) applies. In support of its argument Toyota attaches an affirmation from Peter M. Edelstein, Esq., which claims the entity formerly known as Autos of Newburgh d/b/a Toyota of Newburgh has not sold

[1]

or leased a vehicle or even operated as a dealership in New York since 1999.[1] At first blush the argument does indeed sound persuasive. Unfortunately, what neither Mr. Edelstein nor Mr. Scumaci explain is how, if Toyota of Newburgh has not leased a car in New York since 1999, how an entity **with the same name and at the same address** is listed as the lessor of the subject Toyota involved here.

Indeed, both Mr. Edelstein and Mr. Scumaci baldly assert that we "sued the wrong defendant," yet never reveal the identity of the "proper" defendant. Is there another entity known as Toyota of Newburgh also located at 2394 Route 9W in New Windsor, New York? Are we really to believe that this entity with the same name and same address as the entity that leased the vehicle to the plaintiffs did not lease the car, despite all the evidence to the contrary? In fact, the entire argument regarding suing the incorrect defendant is misplaced. There can be no question given the explicit printing on the lease that Toyota of Newburgh, located at 2394 Route 9W, New Windsor, New York, was properly joined as a defendant and served via the New York Secretary of State. Whether that particular entity is Mr. Edelstein's client or not is immaterial. Clearly that entity continues to lease vehicles in New York,[2] and there is similarly no doubt that it was served via the New York Secretary of State.[3] The simple fact is Toyota of Newburgh is **somebody's** client and was joined and served in this action. The plain language of 28 U.S.C. § 1441(b) therefore requires remand.

Finally, with regard to the defendant's argument that joinder of the enumerated additional parties would not require remand, the plaintiffs must concede that is true. It is nevertheless requested that if this matter is not remanded that the

---

[1] Exhibit A to the Affirmation in Opposition of Robert G. Scumaci, Esq.
[2] Milch Dec., Exhibit E.
[3] Milch Dec., Exhibit F.

[2]

Court issue an order permitting joinder of Hometown Autos, Hometown Newburgh and George Gaillard.

## CONCLUSION

For all of the foregoing reasons, and the additional reasons set forth in their original Memorandum of Law, plaintiffs Claudia Terranova and Thomas Terranova respectfully request that this matter be remanded to the Supreme Court of the State of New York, Orange County for further proceedings.

Dated: New York, New York
April 24, 2008

                                            Respectfully Submitted,

                                            Shandell Blitz Blitz & Ashley, LLP
                                            Attorneys for Plaintiffs
                                            *Claudia Terranova and Thomas Terranova*
                                            150 Broadway – 14th Floor
                                            New York, New York 10038
                                            (212) 513-1300

                                        By: _____
                                              Stewart G. Milch (SGM 2533)

Of Counsel:

    Stewart G. Milch, Esq.

[3]