```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
                                           :    08 Civ. 1217 (WCC)
CLAUDIA TERRANOVA and THOMAS TERRANOVA,    :
                                                    ECF CASE
                    Plaintiffs,            :

       - against -                         :       OPINION
                                                  AND ORDER
TOYOTA OF NEWBURGH and TOYOTA MOTOR        :
SALES, U.S.A., INC.,
                                           :
                    Defendants.
                                           :
- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                           SHANDELL, BLITZ, BLITZ & ASHLEY, LLP
**Attorneys for Plaintiffs**
150 Broadway, 14th floor
New York, New York 10038

STEWART G. MILCH, ESQ.

    Of Counsel

                           GIBSON, McASKILL & CROSBY, LLP
**Attorneys for Defendants**
69 Delaware Avenue, Suite 900
Buffalo, New York 14202

ROBERT G. SCUMACI, ESQ.

    Of Counsel

**Conner, Senior D.J.:**

This is a products liability action arising out of an automobile accident. Plaintiff Claudia Terranova ("Terranova") was severely injured when her 2007 Toyota Camry collided with another vehicle. Defendants are Toyota Motor Sales, U.S.A., Inc. ("TMS"), the manufacturer of Terranova's car, and Toyota of Newburgh, the alleged lessor. Plaintiffs, Terranova and her husband, Thomas Terranova, filed suit in New York State Supreme Court, Orange County, and TMS removed to this Court on the basis of diversity of citizenship. Toyota of Newburgh has not responded to the Complaint. Plaintiffs now move to remand on the ground that, although there is complete diversity, 28 U.S.C. § 1441(b) bars removal because Toyota of Newburgh is a citizen of New York. For the following reasons, the motion is granted.

## BACKGROUND

Terranova suffered severe injuries when her car collided with another vehicle at the intersection of Route 300 and Route 17K in the town of Newburgh, New York. (Complt. ¶ 35.) According to plaintiffs, the car's airbags failed to deploy, exacerbating Terranova's injuries. (Pls. Mem. Supp. Mot. Remand at 2.) Plaintiffs claim that this was the result of a manufacturing and/or design defect in Terranova's car and its airbags. (Complt. ¶ 38.)

Plaintiffs are citizens of South Carolina. (Summons.) TMS is a foreign corporation with its principal place of business outside of New York. (Def. Not. of Removal ¶ 9.) Toyota of Newburgh is, apparently, a New York corporation (*see* Pls. Stmt. Undisputed Facts ¶ 5; Milch Decl., Ex. G), although the details of its ownership and operations in this state are disputed.

Plaintiffs claim to have leased the car in question from Toyota of Newburgh. (Pls. Mem.

1

Supp. Mot. Remand at 2.) A copy of the lease agreement names Toyota of Newburgh as the lessor and lists 2934 Route 9W, New Windsor, New York as Toyota of Newburgh's address.[1] (Milch Decl., Ex. E.) According to the New York State Department of State, Toyota of Newburgh is a New York corporation now known as Autos of Newburgh, Inc. and has its principal executive office at 2934 Route 9W, New Windsor, New York. (*Id.* Ex. G.) Plaintiffs served their Summons and Complaint upon "Toyota of Newburgh nka Autos of Newburgh, Inc. sha Toyota of Newburgh" by filing with the New York Secretary of State on January 24, 2008. (*Id.*, Ex. F.)

TMS denies that Toyota of Newburgh leased the car in question to plaintiffs. (Def. TMS Mem. Opp. Mot. Remand at 3.) TMS submits the affirmation of Peter M. Edelstein, Esq., whose law firm formerly represented Autos of Newburgh, in support of its position. (Scumaci Aff'm, Ex. A.) Edelstein states that Autos of Newburgh did business as Toyota of Newburgh but "transferred all of its assets to a different corporate entity" on April 1, 1999. (*Id.* ¶¶ 4-5.) Plaintiffs leased the car in question on June 13, 2006. (Milch Decl., Ex. E.) Edelstein states that since April 1, 1999, "Autos of Newburgh, Inc. d/b/a Toyota of Newburgh has not operated a Toyota dealership . . . [or] sold a Toyota automobile." (Scumaci Aff'm, Ex. A ¶¶ 6-7.) Edelstein further avers that "My former clients that were served in this action did not lease the subject vehicle to the plaintiffs. The events described in the Summons and Complaint served upon my former client in no way involved Autos of Newburgh, Inc. d/b/a Toyota of Newburgh." (*Id.* ¶¶ 8-9.) Therefore, TMS argues, Toyota of Newburgh was fraudulently joined and its citizenship should be disregarded for jurisdictional purposes. (Def. TMS Mem. Opp. Mot. Remand at 4.)

---

[1] Plaintiffs are listed as co-lessees. (Milch Decl., Ex. E.)

# DISCUSSION

28 U.S.C. § 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Thus, removal on the basis of diversity is not proper if any of the defendants is a citizen of the forum state. *Vasura v. Acands*, 84 F. Supp. 2d 531, 535 (S.D.N.Y. 2000). Since the only asserted basis of this Court's jurisdiction is diversity of citizenship, removal is proper only if "none of the parties in interest properly joined and served as defendants" is a citizen of New York. *See* 28 U.S.C. § 1441(b).

The removal jurisdiction of federal courts is strictly construed. *Miller v. First Sec. Invs., Inc.*, 30 F. Supp. 2d 347, 350 (E.D.N.Y. 1998) (quoting *In re NASDAQ Market Makers Antitrust Litig.*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996)). The removing party bears the burden of showing that removal was proper. *R. G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007). Any doubt must be resolved in favor of remand. *Pan Atl. Group, Inc. v. Republic Ins. Co.*, 878 F. Supp. 630, 637 (S.D.N.Y. 1995); *Video Connection of Am., Inc. v. Priority Concepts, Inc.*, 625 F. Supp. 1549, 1550 (S.D.N.Y. 1986).

TMS contends that Toyota of Newburgh is not a properly joined party in interest because it did not lease the car in question to plaintiffs. (Def. TMS Mem. Opp. Mot. Remand at 4.) In other words, TMS claims that Toyota of Newburgh was fraudulently joined to defeat removal. (*Id.*)

Fraudulent joinder refers to the joinder of "unnecessary or nominal parties in order to defeat federal jurisdiction." *Nosonowitz v. Allegheny Beverage Corp.*, 463 F. Supp. 162, 163 (S.D.N.Y. 1978). "Under the principle of fraudulent joinder, 'a non-diverse defendant will be disregarded in ascertaining the existence of diversity on a remand motion if that defendant has no real connection to the case and is named merely to defeat diversity jurisdiction.'" *Dexter v. A C & S Inc.*, 2003 WL 22725461, at *1 (S.D.N.Y. Nov. 18, 2003) (quoting *Vasura*, 84 F. Supp. 2d at 539). To show that an in-state or non-diverse defendant has been fraudulently joined, the removing party must establish "by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action" against the allegedly fraudulently joined defendant. *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). The key to the inquiry is whether the plaintiff truly intends to obtain a judgment against the defendant in question. *Raphael v. 18 Restaurant, Inc.*, 954 F. Supp. 549, 551 (E.D.N.Y. 1996). "[I]f there is a real possibility that the plaintiff has stated a cause of action, then the defendant is not nominal, and the case should be remanded." *Id.*

Remand is clearly necessary here. Plaintiffs allege that they leased an automobile from Toyota of Newburgh, that the car was defective and that Terranova sustained injury as a result of the defect. It would thus appear that plaintiffs have stated viable New York state law claims for strict products liability, negligence and breach of warranty against Toyota of Newburgh. *See, e.g.*, *Repka v. Arctic Cat, Inc.*, 798 N.Y.S.2d 629 (App. Div. 2005). At the very least, there is "a real possibility" that plaintiffs have stated a claim for relief.

Defendants argue that Toyota of Newburgh cannot be a real party in interest because it did not lease the car in question. (Def. TMS Mem. Opp. Mot. Remand at 3-4.) But this is a question

4

of fact that goes to the merits of plaintiffs' case and is therefore well beyond the scope of the present motion. To make a finding of fact on the question whether Toyota of Newburgh actually leased the allegedly defective car to plaintiffs would be to "improperly review the merits of plaintiffs' claims . . . upon consideration of a motion to remand." *Sherman*, 528 F. Supp. 2d at 328; *see also Dexter*, 2003 WL 22725461, at *2 (noting that the strength of the plaintiff's case in not relevant on a motion to remand).

Plaintiffs have named Toyota of Newburgh as a defendant and served the Summons and Complaint upon "Toyota of Newburgh nka Autos of Newburgh, Inc." (Milch Decl., Ex. F.) Moreover, plaintiffs have presented a report from the New York State Department of State listing Autos of Newburgh as an active New York corporation that was formerly known as Toyota of Newburgh. (*Id.*, Ex. G.) Plaintiffs have also submitted a copy of the lease in question, which names Toyota of Newburgh as lessor. (*Id.*, Ex. E.) This is more than enough to persuade the Court that there is a real possibility that plaintiffs can establish a claim against Toyota of Newburgh. Because Toyota of Newburgh is a citizen of New York, removal was not proper under 28 U.S.C. § 1441(b), and the action must be remanded to New York State Supreme Court, Orange County.

## CONCLUSION

For all of the foregoing reasons, plaintiffs' motion to remand is granted and this action is hereby remanded to New York State Supreme Court, Orange County.

SO ORDERED.

Dated: White Plains, New York
       June 9, 2008

William C. Conner
Sr. United States District Judge

5